**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **GABRIELLE WILLIAMS and TONYA O'DONOVAN, on behalf of themselves and all other persons similarly situated, known and unknown,** | ) ) ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **vs.** | ) ) | **Case No. 16 C 4286** |
| **TGI FRIDAYS, INC.,** | ) ) | |
| **Defendant.** | ) ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Gabrielle Williams and Tonya O'Donovan are two former employees of TGI Friday's (TGIF). On behalf of a putative class of ex-employees, the plaintiffs allege that TGIF violated the Illinois Wage Payment Collection Act (IWPCA) by failing to compensate them for unused paid vacation benefits they contend they had accrued. Williams and O'Donovan have moved to certify a class of similarly situated plaintiffs. TGIF has moved for summary judgment on Williams and O'Donovan's claim. TGIF has also asked the Court to exclude the plaintiffs' expert witness.

### Background

TGIF operated restaurants in Illinois until November 2015. Between 2008 and 2015, it employed over 9,000 hourly employees who no longer work for the company. Two of those employees—Williams and O'Donovan—contend that TGIF violated the IWPCA by refusing to compensate them, upon their termination, for earned but unused

vacation pay.

In 2012, TGIF amended its vacation policy by changing the date on which it began to measure an employee's annual hours: previously it was the date the employee was hired; henceforth it would be the first day of the fiscal year. But, on the substantive points, the pre-2012 and post-2012 policies otherwise concur: an employee is entitled to vacation pay in the current year if, at the end of the previous year, that employee was still employed and had worked in excess of 1,300 hours in that year. Williams worked at TGIF from March 18, 2010 to April 14, 2012. She worked 1,032 hours in her first year of employment and 275 hours in her second year of employment. O'Donovan worked at TGIF from January 10, 2014 to April 18, 2015. She worked 1,781 hours in her first year of employment and 466 hours during the second year. Because O'Donovan worked more than 1,300 hours in her first year, she was eligible for paid vacation in her second year. After she left TGIF, she was compensated for the unused portion of that vacation time but not for vacation time that she contends accrued during her second year of work for TGIF.

Williams contends that TGIF violated the IWPCA by failing to compensate her for vacation time she claims to have earned during her tenure at TGIF. O'Donovan contends TGIF violated the IWPCA by failing to pay her for paid vacation she contends she accrued during her second year at TGIF. O'Donovan also alleges that TGIF improperly delayed in paying her the vacation compensation she was owed, but that claim is not at issue in the present motion for partial summary judgment.

### Discussion

TGIF has moved for summary judgment on the plaintiffs' claims except as noted

above.  The moving party is entitled to summary judgment when there is "no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The plaintiffs contend that TGIF wrongly deprived them of earned vacation benefits when it concluded they did not meet the program's requirements and were ineligible for paid vacation.  Within this contention by plaintiffs are two assumptions that TGIF challenges:  (1) the plaintiffs were eligible to participate in TGIF's vacation program in the first place, and (2) the plaintiffs earned the paid vacation time in question, rather than being potentially eligible to receive it as an incentive.  The Court does not address the second assumption because it concludes that TGIF is entitled to summary judgment given the infirmity of the first assumption.  The plaintiffs were not eligible for the vacation pay in question to begin with, so TGIF never owed them vacation pay that would give rise to an IWPCA claim.

The IWPCA requires an employer to pay an employee all final compensation upon the employee's departure, 820 ILCS 115/5 (2018), but "[it] does not apply if there is no final compensation to collect."  *Covinsky v. Hannah Marine Corp.*, 388 Ill. App. 3d 478, 487, 903 N.E.2d 422, 430 (2009).  "Whether an employee [is entitled to] paid vacation in the first place depends on the terms of the employer's employment policy." *McCaster v. Darden Rests., Inc.*, 845 F.3d 794, 798 (7th Cir. 2017).

TGIF operates a vacation policy in which eligible employees are entitled to paid vacation.  To be eligible for paid vacation in the upcoming year, an individual must have worked more than 1,300 hours in the previous year and must be employed with TGIF when the vacation hours for the upcoming year are disbursed.  D.E. 77, Def.'s Ex. 4

3

(Pre-2012 Carlson Policy); D.E. 77, Def.'s Ex. 5 (Post-2012 Carlson Policy).  The issue before the Court is whether the plaintiffs—who worked fewer than 1,300 hours during the relevant years, were no longer employed when the vacation benefits were disbursed, or both—were eligible to participate in TGIF's paid vacation program.

In *McCaster*, the Seventh Circuit affirmed a grant of summary judgment against the plaintiff, finding that the plaintiff did not have a viable IWPCA claim because she was never eligible for vacation compensation as a part-time employee.  *Id.* at 799. Darden Restaurants, the employer, extended vacation benefits only to full-time employees, which it defined as employees who worked at least thirty hours per week. *Id.* at 797.  The plaintiff in *Darden* argued that she earned vacation hours as a part-time employee and that Darden failed to compensate her for these hours.  *Id.* at 797-98. The court concluded that the terms of Darden's policy excluded part-time employees like the plaintiff from participation in the program altogether, so the court affirmed the entry of summary judgment against the plaintiff.  *Id.*

TGIF contends that the plaintiffs' claim is foreclosed by *McCaster*.  Like the employer in *McCaster*, TGIF has eligibility requirements for its paid vacation program. According to TGIF, the plaintiffs did not meet those requirements, so they are not entitled to the vacation pay they seek.  Def.'s Mem. in Supp. of Mot. for Summ. J. at 11- 13.  The plaintiffs argue that *McCaster* is inapposite, because TGIF does not distinguish between full-time and part-time employees in its eligibility requirements.  Pls.' Resp. to Mot. for Summ. J. at 11-12.

The plaintiffs' response misses the point.  In *McCaster*, the Seventh Circuit did not emphasize that *full-time* employees were eligible for vacation benefits, it

emphasized that there were *eligibility requirements* for vacation benefits.  An employer is free to set eligibility requirements for the vacation policy employed beyond whether an employee is part-time or full-time.   As the court emphasized, an employee may only present an IWPCA claim for  paid vacation "*earned in accordance with such contract of employment or policy.*"  *McCaster*, 845 F.3d at 798 (quoting 820 ILCS 115/5) (emphasis in original).  The terms of the IWPCA do not constrain an employer from drafting a vacation contract or policy that extends benefits only to certain employees, nor do the terms of the statute limit an employer to drawing distinctions only between part-time and full-time employees.

The Court's ruling is not affected by the fact that TGIF appears to calculate the value of vacation benefits by considering the previous year's hours.  This argument, which the plaintiffs do not press in their briefs, goes to whether TGIF has adopted a compensation or incentive vacation policy, not whether the plaintiffs were eligible *ex ante* to participate in that policy.  The Court need not and does not reach whether TGIF's vacation policy compensated or incentivized its employees, as its decision rests on finding that the plaintiffs were not eligible to participate.

The plaintiffs also argue that TGIF "rel[ies] on the terms in its own policy to justify its lawlessness . . . ."  Pls.' Resp. to Def.'s Mot. for Summ. J. at 10.  They suggest that TGIF is claiming that the plaintiffs are not eligible to receive vacation benefits so it can avoid paying already-accrued benefits.  *Id.*  This argument presupposes the point that the plaintiffs are attempting to prove.  The plaintiffs can establish that TGIF unlawfully refused to provide paid vacation only if they show the vacation program applied to them, and TGIF argues that the program did not apply to them (or to any other ineligible

employee).

The plaintiffs also argue that TGIF's reading is inconsistent with a string of cases within this circuit. *See Arrez v. Kelly Servs., Inc.*, 522 F. Supp. 2d 997 (N.D. Ill. 2007); *Ortiz v. Manpower, Inc.*, No. 11-2009, 2012 WL 12903661 (C.D. Ill. Apr. 10, 2012); *Rosales v. Placers, Ltd.*, No. 09 C 1706, 2011 WL 833359 (N.D. Ill. Mar. 4, 2011). These cases are distinguishable from this one. In each case, the employees participated in a paid vacation program but received a benefit only if they met certain requirements. In *Arrez*, a vacation benefit payment issued "automatically" to any party that worked in excess of 1,500 hours. 522 F. Supp. 2d at 1000. In *Rosales*, the employer "automatically" conferred vacation benefits to employees that met the requirements. 2011 WL 833359, at *1. Likewise, the court in *Ortiz* concluded that the vacation policy at issue was virtually identical to those in *Arrez* and *Rosales.* 2012 WL 12903661, at *2. Thus the plaintiff in each of these cases carried with him or her a crucial predicate that the plaintiffs in this case lack: they were eligible to participate in the vacation benefit program in the first place. To the extent these cases might seem to support plaintiffs' contention, they appear to be incompatible with the Seventh Circuit's decision in *McCaster*. The Court is bound by the Seventh Circuit's interpretation of Illinois law. *Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1029 (7th Cir. 2004) (a federal appellate court's interpretation of state law binds a federal district court unless the state supreme court reaches a subsequent, contrary decision). For this reason, the Court's decision is controlled by *McCaster*, not by *Arrez*, *Ortiz,* or *Rosales*. Similarly, *Munno v. Guardsmark, LLC*, No. 08 CH 14354, at *4 (Cir. Ct. Cook Cty. Feb. 14, 2013), is not binding upon the Court as it was not decided by the Illinois Supreme Court.

As the reasoning of *McCaster* emphasizes, the text of the IWPCA makes clear that the rule against forfeiting paid vacation applies only "when[] a contract of employment or employment policy provides for paid vacations." 820 ILCS 115/5. Thus the Court must first look to the TGIF policy itself, which plainly excludes employees like the plaintiffs, who worked less than 1,300 hours in the previous year or who were not employed on the date the vacation hours are disbursed. D.E. 77, Def.'s Ex. 4 (Pre-2012 Carlson Policy); D.E. 77, Def.'s Ex. 5 (Post-2012 Carlson Policy. Under *McCaster*, the plaintiffs are not entitled to vacation benefits that TGIF did not agree to provide under the terms of the policy. 845 F.3d at 799.

TGIF is entitled to summary judgment. Neither Williams, who never worked more than 1,300 hours in one year, nor O'Donovan, who worked less than 1,300 hours in her second year, met TGIF's criteria for eligibility to participate in the company's paid vacation program for the years in question. *See* Def.'s Mem. in Supp. of Mot. for Summ. J. at 11-12. Thus TGIF has no obligation to pay either Williams or O'Donovan for unused paid vacation time, as neither was eligible to receive that benefit under the terms of the company's program.

## Conclusion

For the foregoing reasons, the Court grants TGIF's motion for partial summary judgment [dkt. no. 74]. The plaintiffs' motion to certify a class action [dkt. no. 57] and TGIF's motion to exclude Madansky's expert testimony [dkt. no 78] are both terminated as moot. The Court must still resolve O'Donovan's pending IWPCA claim arising from TGIF's alleged failure to promptly pay her the vacation compensation she was owed. The case is set for a status hearing on February 28, 2018 at 9:30 a.m. to discuss a

schedule for further proceedings.

_____
MATTHEW F. KENNELLY
United States District Judge

Date:  February 23, 2018