IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GABRIELLE WILLIAMS and TONYA O'DONOVAN, on behalf of themselves and all other persons similarly situated, known and unknown, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 16 C 4286 |
| TGI FRIDAYS, INC., | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Gabrielle Williams and Tonya O'Donovan are former employees of TGI Fridays, Inc. They allege that Fridays violated the Illinois Wage Payment Collection Act (IWPCA) by failing to timely compensate them for unused paid vacation benefits due to a payroll error, and they have moved to certify a class of similarly situated plaintiffs.

## Background

Under the policies in place during Williams' and O'Donovan's tenure, Fridays employees were eligible to participate in the company's paid vacation program only if they worked full time—that is, at least 1,300 hours in the preceding year.[1] Eligible employees who were separated from employment without having used their vacation days were supposed to be paid the value of those benefits as part of their final

---

[1] Before 2012, Fridays measured these hours for each employee's "anniversary year" (beginning on the employee's hire date), but in 2012 switched to using the calendar year.

compensation.

Williams and O'Donovan filed this suit alleging that Fridays' restriction of vacation benefits to full-time employees unlawfully deprived non-full-time employees of vacation benefits that they had earned, which they contend violates the IWPCA, 820 ILCS 115/5. They also allege that Fridays unlawfully delayed paying accrued vacation pay as part of the employee's final compensation, which the employer must pay "in full[] at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee." 820 ILCS 115/5.

Fridays moved for partial summary judgment on the legality of its vacation policy, citing *McCaster v. Darden Restaurants Inc.*, 845 F.3d 794 (7th Cir. 2017), to argue that the ICPWA does not bar employers from establishing eligibility criteria for their vacation policies. The Court granted that motion, holding that the IWPCA (as interpreted in *McCaster*) permitted Fridays to impose eligibility criteria for its vacation policy and that the plaintiffs were not eligible for additional vacation pay under that policy. *See Williams v. TGI Fridays, Inc.*, No. 16 C 4286, 2018 WL 1035871, at *2-4 (N.D. Ill. Feb. 23, 2018).

The summary judgment ruling leaves only one claim remaining in the case: Fridays' allegedly unlawful delay in tendering vacation pay owed to departing employees as part of their final compensation. Williams and O'Donovan have moved to certify a class of individuals relating to that claim.

**Discussion**

The Court may certify a proposed class only if it comports with the four prerequisites of Federal Rule of Civil Procedure 23(a):

> (1) the class is so numerous that joinder of all members is impracticable (numerosity);

> (2) there are questions of law or fact common to the class (commonality);
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class (typicality); and
> (4) the representative parties will fairly and adequately protect the interests of the class (adequacy of representation).

*Lacy v. Cook County*, 897 F.3d 847, 864 (7th Cir. 2018). The plaintiffs must also demonstrate that they meet one of three additional criteria in Rule 23(b). *Id.* In this case, the plaintiffs argue that the proposed class satisfies Rule 23(b)(3), which requires them to show that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

The plaintiffs initially defined the proposed class as follows:

> All persons employed by Defendant on an hourly basis in Illinois who separated from employment between March 1, 2006 and November 2015 who worked at least 1,300 hours in their final anniversary or vacation year but who did not receive vacation pay as part of their final compensation.

Pls.' Mem. in Supp. Mot. for Class Cert., dkt. no. 107, at 8. In their reply brief, the plaintiffs propose for the first time to define a narrower class that would encompass only employees who separated from employment between December 24, 2014 and November 2015. Pls.' Reply Brief, dkt. no. 117, at 3. This amended class proposal—to which Fridays has had no opportunity to respond—is intended to restrict the class to those employees who might have been affected by an error by Infosync, the payroll provider Fridays began using on December 24, 2014.

Though this late amendment to the plaintiffs' class definition arguably should be ignored because it appeared for the first time in their reply brief, *see, e.g.*, *Harper v. Vigilant Ins. Co.*, 433 F.3d 521, 528 (7th Cir. 2005), the Court need not decide that question, because neither the original nor the amended proposed class satisfies Rule

3

23(a)'s commonality requirement. The plaintiffs contend that the proposed class members' claims share common issues of law and fact because they are all based on Infosync's payroll error. They cite the deposition of Kathleen Elizabeth Cunningham, Fridays' corporate representative, who testified that the Infosync error resulted in wrongful non-payment of vacation time to about eighty employees who left their jobs. This error, the plaintiffs argue, allows "class-wide resolution" all the members' claims simply by referencing a spreadsheet of payroll data that Fridays produced in discovery. Pls.' Memo., dkt. no. 107, at 10 (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)).

This payroll information is insufficient to establish that there are issues capable of class-wide resolution, however, because the data alone do not show that the claims of the proposed class members share a common issue of law or fact. The Seventh Circuit upheld the denial of class certification under similar circumstances in *McCaster*. In that case, the court held that "an amalgam of individual IWPCA pay claims" lacked the requisite commonality for class certification because "resolving them depend[ed] entirely on each employee's individual work history . . . and the specific payroll practices of the managers of the restaurants where they worked." *McCaster*, 845 F.3d at 801. Because the resolution of the employees' vacation pay claims "turn[ed] entirely on facts specific to each individual class member's claim," there were no common issues that could be resolved on a class-wide basis. *Id.*

The plaintiffs' claims in this case differ importantly from those in *McCaster* in that the plaintiffs have pointed to evidence that a single payroll error was responsible for denying a large number of employees their vacation pay; no such common theory was

4

advanced in *McCaster*. But the proposed classes as currently defined do not reflect that distinction, since neither one is limited to plaintiffs who experienced the Infosync payroll error. By the plaintiffs' own admission, the payroll data show that vacation pay was withheld from some employees for reasons *unrelated* to the Infosync error. Pls.' Mem., dkt. no. 107, at 7. And Fridays' expert Ali Saad identified hundreds of cases in which employees were paid for vacation benefits they did not earn under the terms of Fridays' policy, suggesting that the policy was applied in varying and anomalous ways. Saad Expert Report, dkt. no. 77-9, at 14-16. These discrepancies show that simply computing earned vacation time according to the policy's terms and comparing it with the amounts actually paid is insufficient to establish that the class members' claims share a common issue of fact. As in *McCaster*, the individualized inquiry that would be required to resolve each of these claims precludes class certification. *See* 845 F.3d at 801 ("The plaintiffs' failure to satisfy the commonality requirement is fatal to their request for class certification.").

The Court does not conclude, however, that there is no possible class the plaintiffs could propose that would satisfy the requirements of Rule 23. A class limited to the employees who did not receive vacation pay as part of their final compensation because of the Infosync error—rather than, for example, idiosyncratic payment practices by restaurant managers—may have the required commonality under *McCaster*. But plaintiffs did not seek certification of such a class in their motion or even in their reply.

## Conclusion

For the foregoing reasons, the Court denies the plaintiffs' motion for class

5

certification [dkt. no. 106] without prejudice to filing another motion to certify a class. The case is set for a status hearing on December 20, 2018 at 9:30 a.m. The Court intends to set at that time a schedule for whatever proceedings are needed to bring the case to a conclusion.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: December 12, 2018