**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GABRIELLE WILLIAMS and TONYA O'DONOVAN, on behalf of themselves and all other persons similarly situated, known and unknown,<br><br>Plaintiffs,<br><br>v.<br><br>TGI FRIDAYS, INC.,<br><br>Defendant. | Case No. 16 cv 04286<br><br>Judge Kennelly |

**PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT**

Plaintiffs Gabrielle Williams and Tonya O'Donovan, through counsel, move this Court to grant final approval of the Parties' Joint Stipulation and Agreement to Settle Class Action Claims ("Settlement Agreement") reached in this matter. In support of this Motion, Plaintiffs contemporaneously submit a Memorandum of Law in Support of their Unopposed Motion for Final Approval of Class Action Settlement. Plaintiffs request that the Court enter the proposed Order Granting Final Approval of Class Action Settlement, attached hereto as Attachment 1. Defendant TGI Friday's, Inc. does not oppose this motion.

Respectfully submitted,

Dated: July 3, 2019

/s/Sarah J. Arendt
One of Plaintiffs' Attorneys

Douglas M. Werman- dwerman@flsalaw.com
Maureen A. Salas – msalas@flsalaw.com
Sarah J. Arendt – sarendt@flsalaw.com
Zachary C. Flowerree – zflowerree@flsalaw.com
Werman Salas P.C.
77 W. Washington Street, Suite 1402
Chicago, IL 60602
(312) 419-1008

*Attorneys for Plaintiffs*

# ATTACHMENT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GABRIELLE WILLIAMS and TONYA O'DONOVAN, on behalf of themselves and all other persons similarly situated, known and unknown,<br><br>           Plaintiffs,<br><br>    v.<br><br>TGI FRIDAYS, INC.,<br><br>          Defendant. | Case No. 16 cv 04286<br><br>Judge Kennelly |

**[PROPOSED] ORDER GRANTING FINAL
APPROVAL OF CLASS ACTION SETTLEMENT**

On July 11, 2019, the Court heard an unopposed motion for final approval of a class action settlement by Plaintiff Tonya O'Donovan ("Class Representative"), on behalf of herself and a class of all others similarly situated, and Plaintiff Gabrielle Williams. The Court has read and considered the Unopposed Motion for Final Approval of Class Action Settlement, the supporting memorandum of law, and other related materials submitted by the Class Representative, has heard the parties' presentation at the hearing on final approval, and is otherwise fully informed with respect to the premises supporting final approval:

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. Unless otherwise defined herein, all terms used in this Order (the "Final Approval Order") will have the same meaning as defined in the Joint Stipulation and Agreement to Settle Class Action Claims (the "Settlement Agreement"). The terms of the Settlement Agreement (ECF No. 131-1) are hereby incorporated by reference into this Order.

2. This Court has jurisdiction over the subject matter of this Action and over all Parties

to this Action pursuant to 28 U.S.C. § 1332(d), including all members of the Settlement Class preliminarily certified for settlement purposes only, by Order dated March 19, 2019 (ECF No. 134), and defined as follows:

> All former hourly employees of Defendant TGI Friday's who worked in Illinois and whose final compensation at the time of their separation from employment with Defendant did not include vacation pay because of an error committed by the payroll provider Infosync.

All Class Members are identified on Exhibit A to the Settlement Agreement. ECF No. 131-1.

3.      The Court finds that the Settlement Class defined above satisfies the requirements of Fed. R. Civ. P. 23(a) and is maintainable under Rule 23(b)(3) for purposes of settlement of this Action. The Court finally certifies the Settlement Class for purposes of settlement of this Action.

4.      The Court finds that the Notice of Class Action Settlement provided to the Class Members satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and 23(e)(1).

5.      The Court hereby finally approves the Settlement Agreement and settlement of the Illinois Wage Payment and Collection Act class action claims as fair, reasonable, and adequate. The Court finds that the strength of the Class Representative's and Class Members' claims weighed against the Defendant's defenses and the complexity, length, and expense of trial and potential appeals supports approval of the Settlement.

6.      As identified in the Declaration of Due Diligence by Caroline P. Barazesh, filed on July 3, 2019, the Court finds that no Class Member requested exclusion from the Settlement.  Thus, all Class Members are bound by the terms of the Settlement Agreement, are entitled to participate in the monetary portion of the Settlement, and are bound by the terms of the release set forth in Section III.3.i of the Settlement Agreement. In addition, the Class Representative is bound by the terms of the general release of all claims set forth in Section III.3.ii of the Settlement Agreement.

7.      The Gross Settlement Amount of $95,000, as set forth in the Settlement Agreement,

is a fair, reasonable and adequate settlement of the claims.

8.      The Court approves the Service Award to Class Representative O'Donovan in the amount of $1,500, as set forth in Section III.7.iii of the Settlement Agreement, to be paid for Ms. O'Donovan's service to the Class, including time spent answering written discovery, producing documents, sitting for a deposition, and otherwise assisting Class Counsel with the prosecution of the litigation on behalf of the Class Members.

9.      The Court approves Class Counsel's request for attorneys' fees in the amount of $33,000, as set forth in Section III.7.i of the Settlement Agreement.

10.      The Court approves Class Counsel's request for litigation expenses in the amount of $7,500, as set forth in Section III.7.i of the Settlement Agreement.

11.      The Settlement Administrator shall mail settlement checks to all Class Members no later than fourteen (14) days after the "Effective Date," as that term is defined in the Settlement Agreement. Class Members shall have one hundred eighty (180) days after the date the Settlement Administrator first mails the settlement checks to cash their settlement checks (the "Distribution Period"), as set forth in Section III.9 of the Settlement Agreement. The Settlement Administrator will deliver the settlement checks as specified in the Settlement Agreement and will forward any returned checks to any forwarding address provided by the U.S. Postal Service, the Class Member, or that is otherwise identified by Class Counsel or the Settlement Administrator during the Distribution Period.

12.      Any checks not cashed by the end of the Distribution Period will be void and the funds from any such checks shall be distributed to the National Employment Law Project ("NELP"), a 501(c)(3) organization, as a *cy pres* award. Any Class Member whose settlement check is not cashed by the end of the Distribution Period will be deemed to have waived

3

irrevocably any right or claim to a payment from the Settlement Fund, but the Settlement shall nonetheless be binding upon the Class Member, as set forth in Section III.9 of the Settlement Agreement.

13.     By consent of the parties, and without affecting the finality of this Order, this Court hereby retains continuing jurisdiction over the implementation of this Settlement and to enforce the terms of the Settlement Agreement.

14.     The Court grants final approval of the Settlement and hereby dismisses this case without prejudice, but with leave to reinstate on or before [215 days after entry of the Order].  If the Action is not reinstated on or before [215 days after entry of the Order], the dismissal without prejudice automatically shall convert to a dismissal with prejudice on [216 days after entry of the Order.]

15.     The Court grants final approval of the Settlement and all of its terms as set forth within the Settlement Agreement.

IT IS SO ORDERED.


DATED: _____          _____
                                     THE HONORABLE MATTHEW F. KENNELLY
                                     United States District Judge

4